UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Bella Hobbs**, | |
| Plaintiff, | |
| v. | Cause No. 1:22-cv-1174 |
| **FEDEX GROUND PACKAGE SYSTEM, INC.**, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Ms. Hobbs is suing FEDEX for race and disability discrimination and retaliation in violation of the ADA, TITLE VII, and SECTION 1981. This lawsuit is filed in the Southern District of Indiana because a substantial part of the events giving rise to this lawsuit occurred within the district. Ms. Hobbs seeks all available relief and respectfully requests a trial by jury.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
Benjamin C. Ellis
HKM EMPLOYMENT ATTORNEYS LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F     |   (317) 824-9747
Email  |   bellis@hkm.com

1.  **INTRODUCTION**

Because of the summer heat and humidity inside FEDEX's distribution facilities, Ms. Hobbs (a biracial woman), needed reasonable accommodation for her asthma. Specifically, she needed the ability to take more frequent breaks or to be moved to a better ventilated location. After running Ms. Hobbs around asking for medical documentation in support of her request, FEDEX ultimately relented.

Soon after granting the accommodation request, however, Ms. Hobbs's supervisors mocked her disability, disciplined her in connection with her use of her accommodation, and ultimately fired her – allegedly for having stolen a bag of frozen hamburgers from the equipment room. In truth, as she explained, she was told by coworkers that the hamburgers were free to take.

Ms. Hobbs now sues FEDEX for the termination of her employment – the result of disability and racial animus, and in retaliation for her protected request for a disability accommodation.

## 2. JURISDICTION & VENUE

1. This Court has original jurisdiction, under 28 U.S.C. § 1331, of Ms. Hobbs's claims for violations of the ADA, TITLE VII, and SECTION 1981 because those claims arise under the laws of the United States.

2. This Court is a proper venue for this lawsuit, under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to this lawsuit occurred within the Southern District of Indiana.

## 3. PARTIES

### 3.1. Plaintiff

3. Plaintiff Bella Hobbs resides in Marion County, Indiana.

### 3.2. Defendant

4. Defendant FEDEX GROUND PACKAGE SYSTEM, INC. was, at all relevant times, a Delaware corporation (Indiana Business ID No. 1988061204) with its principal place of business in Allegheny County, Pennsylvania.

## 4. STATEMENT OF FACTS

5. Ms. Hobbs was a Package Handler for FEDEX from DATEW 2021 until her employment was terminated on July 13, 2022.

6. During that time, Ms. Hobbs met FEDEX's legitimate performance expectations.

7. Ms. Hobbs has two disabilities.

8. She is on the autism spectrum, and she suffers from asthma.

9. I am also biracial – with Black and white ancestry.

10. Although her asthma did not substantially interfere with her work when she first began working for FEDEX in March 2021, it did interfere with her work as the temperature increased in the late spring and summer.

11. Ms. Hobbs asked to be allowed to take breaks when her asthma acted up, or to be moved to a ventilated work area.

12. FEDEX requested that she provide a doctor's note relating to her request for an accommodation, but then repeatedly rejected all notes as inadequate.

13. Ultimately, Ms. Hobbs provided FEDEX with no fewer than three separate notes from her primary care provider, Dr. James Gahimer.

14. Although some of Ms. Hobbs's managers and supervisors were accommodating, others – including Chelsea and Scott – were not.

15. Those two were particularly hostile, mocking her for her asthma and even giving her an unwarranted write-up in late June or early July.

16. In that instance, Ms. Hobbs's breathing became so impaired that she threw up in her mouth from coughing, and had to be away from her duties for approximately 15 minutes to clean up and recover.

17. Chelsea and Scott falsely accused her talking back to them – an impossibility in her condition – and being away from her duties for 45 minutes.

18. Approximately two to three weeks later, FEDEX fired Ms. Hobbs, allegedly for stealing hamburgers from outside the equipment room.

19. As Ms. Hobbs explained at the time, however, she understood the hamburgers were leftovers from a FEDEX event; and she was told by multiple coworkers that (as was customary) they were available for anyone to eat.

5. **STATEMENT OF CLAIMS**

    **5.1. Disability Discrimination in violation of the ADA.**

    20. Ms. Hobbs has disabilities – asthma and autism.

    21. Ms. Hobbs was qualified to perform her job as a Package Handler.

    22. FEDEX terminated Ms. Hobbs's employment.

    23. FEDEX would not have terminated Ms. Hobbs's employment if she had not had a disability, but everything else had been the same.

    24. Ms. Hobbs was injured by FEDEX's disability discrimination.

    **5.2. Retaliation in violation of the ADA.**

    25. In Spring and Summer 2021, Ms. Hobbs requested workplace accommodations for her disability, asthma.

    26. On July 13, 2021, FEDEX terminated Ms. Hobbs's employment, in retaliation for her request for a disability accommodation.

    27. Ms. Hobbs was injured by FEDEX's retaliation.

### 5.3. Race discrimination in violation of Title VII.

28. Ms. Hobbs is biracial – Black and white.

29. Ms. Hobbs was qualified to perform her job as a Package Handler.

30. FEDEX terminated Ms. Hobbs's employment.

31. FEDEX terminated Ms. Hobbs's employment because of her race.

32. FEDEX would not have terminated Ms. Hobbs's employment if she had been of a different race, but everything else had been the same.

33. Ms. Hobbs was injured by FEDEX's race discrimination.

### 5.4. Race discrimination in violation of Section 1981.

34. Ms. Hobbs is biracial – Black and white.

35. Ms. Hobbs was qualified to perform her job as a Package Handler.

36. FEDEX terminated Ms. Hobbs's employment.

37. FEDEX terminated Ms. Hobbs's employment because of her race.

38. FEDEX would not have terminated Ms. Hobbs's employment if she had been of a different race, but everything else had been the same.

39. Ms. Hobbs was injured by FEDEX's race discrimination.

## 6. PRAYER FOR RELIEF

Ms. Hobbs respectfully requests that judgment be entered in her favor, and against FEDEX on all claims, for its violations of the ADA, TITLE VII of the CIVIL RIGHTS ACT OF 1964, and SECTION 1981 of the CIVIL RIGHTS ACT OF 1866. She requests all available relief on her claims, including the following:

- a. Back pay and front pay;
- b. Compensatory and punitive damages;
- c. Attorney fees and costs; and
- d. Prejudgment and postjudgment interest.

## 7. JURY DEMAND

As required by Fed. R. Civ. P. 38(b), Ms. Hobbs respectfully requests a trial by jury on all issues so triable.