UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BELLA HOBBS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) No. 1:22-cv-01174-JMS-MJD |
| | ) |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) |
| | ) |
| *Defendant*. | ) |

**ORDER**

Plaintiff Bella Hobbs, who is biracial and has two disabilities, worked for Defendant FedEx Ground Package System, Inc. ("FedEx") as a package handler. After she was terminated, she initiated this litigation against FedEx for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. §1981, and for discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). FedEx has filed a Motion for Partial Dismissal of Plaintiff's Complaint, in which it requests that the Court dismiss Ms. Hobbs' Title VII and § 1981 race discrimination claims. [Filing No. 9.] The motion is now ripe for the Court's consideration.

**I.**
**STANDARD OF REVIEW**

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635

1

F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following are the factual allegations set forth in the Complaint, which the Court must accept as true at this time:

Ms. Hobbs is biracial and has two disabilities – she is on the autism spectrum and she suffers from asthma. [Filing No. 1 at 2-3.] Ms. Hobbs began working as a package handler for FedEx in March 2021. [Filing No. 1 at 3-4.] During her employment, she met FedEx's legitimate employment expectations. [Filing No. 1 at 3.]

While Ms. Hobbs' asthma did not interfere with her ability to work when she first became employed at FedEx in March 2021, it did interfere with her work in the late spring and summer of 2021 as the temperature increased. [Filing No. 1 at 4.] Ms. Hobbs then began asking for breaks when her asthma acted up, or to be moved to a ventilated area to work. [Filing No. 1 at 4.] FedEx requested that she provide a doctor's note relating to her request for an accommodation, but then repeatedly rejected as inadequate three separate notes that she submitted from her primary care doctor. [Filing No. 1 at 4.]

Two of Ms. Hobbs' managers or supervisors – Chelsea and Scott – were particularly hostile to Ms. Hobbs, mocking her for her asthma and giving her an unwarranted write-up in late June or early July 2021. [Filing No. 1 at 4.] At that time, Ms. Hobbs' breathing became so impaired that she vomited in her mouth from coughing and had to be away from her duties for approximately 15 minutes so that she could clean up and recover. [Filing No. 1 at 4.] Chelsea and Scott falsely accused Ms. Hobbs of talking back to them and being away from her duties for 45 minutes. [Filing No. 1 at 4.]

Two to three weeks later, FedEx fired Ms. Hobbs for allegedly stealing hamburgers from outside of the equipment room. [Filing No. 1 at 5.] As Ms. Hobbs explained at the time, she understood the hamburgers to be leftovers from a FedEx event and was told by multiple co-workers that, as was customary, they were available for anyone to eat. [Filing No. 1 at 5.]

Ms. Hobbs initiated this litigation on June 10, 2022, and sets forth claims for race discrimination under Title VII and § 1981 and for discrimination and retaliation under the ADA. [Filing No. 1 at 5-6.] FedEx has moved to dismiss the Title VII and § 1981 race discrimination claims, but does not seek dismissal of the ADA claims. [Filing No. 9.]

### III.
### DISCUSSION

In support of its motion, FedEx argues that Ms. Hobbs' allegations "tell a story about purported disability discrimination," but only reference her race once when she alleges that she is biracial. [Filing No. 10 at 5.] It asserts that there "is not a single other factual allegation which connects [Ms. Hobbs'] race to any of [FedEx's] conduct or decisions," and that she merely "recites in formulaic fashion the elements of a Title VII and § 1981 claim." [Filing No. 10 at 5-6.] FedEx notes that Ms. Hobbs does not allege that anyone made any racially charged statements to her during her employment, or that FedEx treated similarly situated employees who were not biracial

3

more favorably. [Filing No. 10 at 6.] It contends that even if Ms. Hobbs could establish a prima facie case of race discrimination, her Complaint "does not contain any factual allegations to suggest [Ms. Hobbs] will be able to demonstrate [FedEx's] legitimate, nondiscriminatory reason [for terminating her] is pretext for racial prejudice." [Filing No. 10 at 7.] FedEx notes that the Complaint "already references a legitimate, nondiscriminatory reason for [the] decision to terminate [Ms. Hobbs'] employment" – that is, stealing hamburgers from outside the equipment room. [Filing No. 10 at 7-8.]

In her response, Ms. Hobbs argues that she is not required to plead a prima facie case of discrimination and that her "factual allegations about her discipline and termination go beyond" what is required and "give FedEx greater guidance to investigate her claims of race discrimination." [Filing No. 12 at 5-6.] Mr. Hobbs contends that she alleges that she was terminated because of her race, and that FedEx claimed to have fired her for stealing hamburgers despite knowing that multiple co-workers told her she could take them and that it was customary for employees to take food under those circumstances. [Filing No. 12 at 5.] She also argues that she alleges that she was given a false write-up only three weeks before being terminated and that "[t]he picture painted by these allegations is that FedEx lied about its reasons for disciplining and firing her, and that it was truly motivated by her race." [Filing No. 12 at 5.] Ms. Hobbs asserts that FedEx makes summary judgment-style arguments in its motion, including arguing that she has not alleged facts which could create an inference of racial discrimination sufficient to establish a prima facie case (including identifying racially charged statements, identifying the history or discipline of biracial or minority employees relative to non-minority employees, or alleging that non-minority employees were treated more favorably), or identified facts supporting the conclusion that FedEx's reason for terminating her was pretextual. [Filing No. 12 at 7-8.]

4

In its reply, FedEx argues that Ms. Hobbs must allege sufficient facts which raise a plausible inference that FedEx took an adverse employment action because of her race, and that she focuses on her disability instead. [Filing No. 14 at 1-2.] It asserts that Ms. Hobbs "has failed to combine her generalized allegations of race discrimination with any facts particular to her case," and so her race discrimination claims must be dismissed. [Filing No. 14 at 3 (quotation and citation omitted).] FedEx points to various cases that it contends support its position. [Filing No. 14 at 2-8.] It argues that Ms. Hobbs has not sufficiently pled a race discrimination claim simply by alleging that she is biracial and that she does not believe FedEx really fired her for stealing hamburgers. [Filing No. 14 at 10.]

Title VII forbids an employer from discriminating against any individual with respect to his or her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). 42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." The analysis of a Title VII claim and a Section 1981 claim are the same, and cases discussing claims under either provision are instructive. See *Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 728 (7th Cir. 2013) ("The substantive standards and methods that apply to Title VII also apply to 42 U.S.C. § 1981.").

In order to properly allege a claim for employment discrimination, "[i]t is enough for a plaintiff to assert that she was treated worse because of protected characteristics." *Graham v. Bd.*

5

*of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021). The Seventh Circuit recently discussed what a plaintiff must – and need not – allege in the employment context:

> Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination. Put more plainly, a plaintiff need not allege facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment. She certainly does not need to identify…a similarly situated employee who managed to avoid termination.

*Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (citations omitted).

Here, Ms. Hobbs alleges that she is biracial, that she met FedEx's legitimate employment expectations, that Chelsea and Scott "[gave] her an unwarranted write-up," that she was falsely accused of talking back to Chelsea and Scott, that she was allegedly terminated for stealing hamburgers despite being told by co-workers that she could take them and despite the fact that taking them was in line with custom, and that she was actually terminated due to her race. FedEx seeks to apply a summary judgment standard at the motion to dismiss stage. But Ms. Hobbs' allegations are enough at the motion to dismiss stage to sufficiently allege Title VII and § 1981 race discrimination claims. *See Graham,* 8 F.4th at 627 (criticizing district court for "want[ing] [plaintiff] to put in the complaint all facts that would be needed to defeat a motion for summary judgment," and noting "that's not the function of a complaint. Even after [*Twombly* and *Iqbal*], a complaint in federal court pleads claims, not facts. A claim must be plausible, but it need not supply the specifics required at the summary-judgment stage"). Accordingly, the Court **DENIES** FedEx's Motion for Partial Dismissal of Plaintiff's Complaint. [Filing No. 10.]

The Court cautions Ms. Hobbs, however, that "[s]imply being a member of a protected class, without something more to link that status to the action in question, [will not be] enough to raise a reasonable inference of discriminatory animus" at the summary judgment stage. *Cole v. Bd. of Trs. of N. Ill. Univ.*, 838 F.3d 888, 900 (7th Cir. 2016). Her race discrimination claims will

6

ultimately fail if she cannot provide evidence that FedEx terminated her due to her race. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018) ("[T[he singular question that matters in a discrimination case [is]: '[W]hether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the adverse employment action.'") (quoting *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016)). But whether she has done so is a question for another day. Today, she has adequately alleged claims for race discrimination under Title VII and § 1981.

## IV.
## CONCLUSION

For the foregoing reasons, the Court **DENIES** FedEx's Motion for Partial Dismissal of Plaintiff's Complaint. [9.]

Date: 12/6/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**